# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Charles Gary, Petitioner,

v.

Hattie M. Askew, Will Outlaw, and Deboria Outlaw, individually and d/b/a Low Country Medical Transport, Low Country Medical Transport, Inc., Eugene A. Kirkland, and American Medical Response, Inc. (d/b/a Access2Care), Defendants.

Of Whom American Medical Response, Inc. (d/b/a Access2Care) is the Respondent.

Appellate Case No. 2016-001937

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Beaufort County
Marvin H. Dukes III, Special Circuit Court Judge

Opinion No. 27791
Heard April 18, 2018 – Filed April 25, 2018

---

## VACATED AND REMANDED

---

Joseph Dawson III, of North Charleston, for Petitioner.

C. Mitchell Brown and Brian P. Crotty, both of Nelson, Mullins, Riley & Scarborough, LLP, of Columbia; and

Robert H. Hood and Robert H. Hood, Jr., both of Hood Law Firm, LLC, of Charleston, for Respondent.

---

**PER CURIAM:** Petitioner Charles Gary sought a writ of certiorari to review the court of appeals' decision in *Gary v. Askew*, 417 S.C. 232, 789 S.E.2d 94 (Ct. App. 2016). Respondent American Medical Response, Inc. (Access2Care) contracted with the South Carolina Department of Health and Human Services (DHHS) to administer Medicaid's Nonemergency Medical Transportation Program. Pursuant to its contract with DHHS, Access2Care served as broker, whereby it contracted with Low Country Medical Services, the entity that transported patients for nonemergency medical appointments.

The underlying suit arose after Gary was injured in a collision while being transported in an ambulance operated by Low Country Medical Services. Less than three months after Access2Care filed its amended answer and without any meaningful discovery, Gary moved for summary judgment, arguing both public policy and the contract between Access2Care and DHHS imposed a nondelegable duty on Access2Care to ensure safe transportation of patients. The trial court granted summary judgment in favor of Gary, but the court of appeals reversed, holding Access2Care did not owe a nondelegable duty to safely transport Gary.

Because the record contains minimal evidence about the nature of the collision and the parties have not had an opportunity to conduct significant discovery, we find summary judgment is premature. *Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 644, 594 S.E.2d 455, 462 (2004) ("[S]ince it is a drastic remedy, summary judgment should be cautiously invoked to ensure that a litigant is not improperly deprived of a trial on disputed factual issues."); *Baird v. Charleston Cty.*, 333 S.C. 519, 529, 511 S.E.2d 69, 74 (1999) ("[S]ummary judgment must not be granted until the opposing party has had a full and fair opportunity to complete discovery."); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 410 S.E.2d 537 (1991) (holding summary judgment was premature where the plaintiff did not have an adequate opportunity to conduct discovery on the issue of medical causation). Accordingly, we vacate the court of appeals' opinion and remand to the circuit court for further proceedings.[1]

---

[1] We express no opinion as to the merits of Gary's nondelegable duty claim.

**VACATED AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, JAMES, JJ. and Acting Justice Paul E. Short Jr., concur.**